IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JEFFREY MACIEJEWSKI,

          Defendant.

19-CR-6182-FPG

## STATEMENT OF THE GOVERNMENT
## WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, that the government hereby adopts all findings of the Presentence Investigation Report (PSR) with respect to sentencing factors in this action.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $100 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United State District Court Clerk.

In addition, unless the defendant is found to be indigent, a special assessment of $5,000 must be imposed pursuant to 18 U.S.C. § 3014.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

> Asset Forfeiture/Financial Litigation Unit
> U.S. Attorney's Office--WDNY
> 138 Delaware Avenue
> Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

Pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of compensable losses of the victims as determined by the Court.  The government has submitted restitution requests with respect to the "8kids" (victim John Doe IV only), "J_blonde," "RapJerseys," "SpongeB," and "Surfer Hair" series of child pornography.  The submissions made on behalf of the children depicted in these series clearly establish their right to restitution and the government respectfully requests that the Court order restitution as indicated in paragraph 66 of the PSR.

DATED: Rochester, New York,
January 17, 2020

                                      JAMES P. KENNEDY, JR.
                                      United States Attorney
                                      Western District of New York

BY: s/KYLE P. ROSSI
     Assistant U.S. Attorney
     U.S. Attorney's Office
     100 State Street, Suite 500
     Rochester, New York 14614
     Tel.: (585) 263-6760

TO: James Riotto, Esq.
     Jennifer Fish, U.S.P.O.